```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JUDE REICHENTHAL,

                Plaintiff,

vs.                              Case No. 2:06-cv-158-FtM-33DNF

SEARS ROEBUCK AND COMPANY,

                Defendant.
_____

**ORDER**

    This matter comes before the Court on Plaintiff's Petition to Remand to State Court (Doc. # 9), filed on May 1, 2006. Defendant did not respond to Plaintiff's motion in the allotted time. Plaintiff seeks remand, arguing that this Court lacks subject matter jurisdiction because his claim does not meet the amount in controversy requirement for diversity jurisdiction. (Doc. # 9, p. 2.) Plaintiff argues that although he submitted a pre-suit Evaluation Summary requesting an amount over $75,000, the summary was only for the purpose of pre-suit negotiations. (Doc. # 9, p. 2.) Plaintiff further verifies "that the amount in controversy will not exceed, nor will he be seeking, damages exceeding Seventy-Four Thousand Nine Hundred and Ninety Nine Dollars ($74,999.00)." (Doc. # 9, p. 2.) Accordingly, Plaintiff claims that Defendant has failed to show that the requisite amount in controversy exists.

    Although case law permits the use of post-suit demand letters in determining the amount in controversy requirement, Plaintiff's

pre-suit Evaluation Summary will not be considered as "other paper" for the purpose of satisfying the amount in controversy requirement.  See Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358 (M.D. Fla. 2005); Depina v. Iron Mountain Info. Mgmt., Inc., 2005 WL 1319231 (M.D. Fla. 2005); Martin v. Mentor Corp., 142 F. Supp. 2d 1346 (M.D. Fla. 2001); see also Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992)(holding that pre-suit correspondence does not trigger a defendant's obligation to seek removal because the plain language of the second paragraph of § 1446 requires that the "other papers" must be received after the initial pleading).

In making this determination, the Court has considered two factors.  First, the Eleventh Circuit has held that when a plaintiff has alleged damages less than $75,000, and the defendant removes the case to federal court, "[the] defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Although this heavy burden of proof exists, "a defendant can remain in federal court if he showed that...an award below the jurisdictional amount is [impermissible] because the case is clearly worth more than [$75,000]."  Id. at 1096.  In this case, Defendant has not responded to the Motion to Remand and consequently failed to make the requisite showing.

Second, the Court has also considered that "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." <u>Burns</u>, at 1095. The Court evaluates the amount in controversy based on the allegations in the complaint set forth at the time of removal. <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000). Plaintiff's Complaint states that "[t]his is an action for damages that exceed $15,000." (Doc. # 2) However, Plaintiff has verified to the Court that he does not seek damages in excess of the jurisdictional limit.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Petition to Remand to State Court (Doc. # 9) is **GRANTED**.

(2) This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>18th</u> day of May, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record